UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA,   ) | |
| ) | |
| v.   ) | Docket No. 2:15-cr-00168-NT |
| ) | 2:16-cr-00001-NT |
| JOSEPH RICHARDS,   ) | |
| ) | |
| Defendant.   ) | |

**ORDER ON DEFENDANT'S MOTION
TO STAY QUARTERLY RESTITUTION PAYMENTS**

Before me is Defendant Joseph Richards' request for a stay on quarterly payments he makes towards the restitution I ordered him to pay during his incarceration. Mot. to Stay Quarterly Restitution Payments ("**Def.'s Mot.**") (ECF No. 28).[1] For the following reasons, Richards' motion is **DENIED**.

In 2016, Richards pleaded guilty to seven counts of bank robbery and conspiracy to commit bank robbery, and I sentenced him to a 180-month term of incarceration and ordered him to pay restitution in addition to a $100 assessment on each count. J. at 1–7 (ECF No. 26). The Judgment required Richards to make a lump sum payment of $32,121.00 due immediately, and any amount he was unable to pay immediately was ordered "due and payable during the term of incarceration." J. at 8. In his motion, Richards asks that I temporarily stay his payment obligations—he is currently making quarterly payments of $50—until he is released from incarceration. Def.'s Mot. at 1. He states that, because he is unable to maintain a prison job at FMC

---

[1]   ECF citations in this order are to Docket No. 16-cr-00001.

Devens, he is currently living off the gratuity of his family, and therefore making his required restitution payments is putting an undue burden on his family. Def.'s Mot. at 1. The Government opposed Richards' motion (ECF No. 30), and Richards filed a reply (ECF No. 31).

Richards is not entitled to the relief he seeks here for two main reasons. First, restitution orders are governed by 18 U.S.C. § 3664, and the relief Richards seeks here is not authorized by that statute. In his reply, Richards points to Section 3664(k), which provides that, if notified of "any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution," the sentencing court may "adjust the payment schedule." 18 U.S.C. § 3664(k). "A sentence that imposes an order of restitution is a final judgment notwithstanding the fact that such a sentence can subsequently be . . . adjusted under section 3664(k), 3572, or 3613A." 18 U.S.C. § 3664(o)(1)(D); *see* 18 U.S.C. § 3572(d)(3) (stating that, upon receipt of notice from the defendant "of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine, . . . the court may . . . adjust the payment schedule . . . as the interests of justice require"); 18 U.S.C. § 3613A(a)(1) ("Upon a finding that the defendant is in default on a payment of a fine or restitution, the court may . . . enter or adjust a payment schedule . . . .").

As the Government points out in its opposition and as the plain text of the statutes shows, my authority extends only to adjusting the payment schedule and only upon a material change in a defendant's financial circumstances. *See, e.g.*,

*United States v. Hyde*, 497 F.3d 103, 108 (1st Cir. 2007). Here there was no payment schedule imposed because the Judgment required Richards to pay his monetary penalties in a lump sum immediately or, failing that, during his term of imprisonment.[2] So there is no Court-ordered payment schedule for me to adjust. Further, given Richards' continuing incarceration, there is no showing on the record before me of a material change in Richards' economic circumstances from the time he was sentenced that warrants an adjustment of his restitution. *See United States v. Fenton*, 577 F. Supp. 2d 458, 459 (D. Me. 2008) (holding there is no basis for a modification pursuant to 18 U.S.C. § 3664(k) where "the Court does not find any material change in the Defendant's economic circumstances that affects the Defendant's ability to pay restitution").

Second, what Richards is challenging here is his obligation to make his restitution payments on a quarterly basis while incarcerated, and that type of challenge does not belong in this Court. The collection of this quarterly-payment obligation was set and administered by the Bureau of Prisons ("**BOP**"), which operates the Inmate Financial Responsibility Program ("**IFRP**"). *See* J. at 8. The BOP is allowed to "act as a collection agency" in this way. *United States v. Reeves*, No. 1:05-cr-00047-JAW, 2015 WL 475266, at *4 (D. Me. Feb. 4, 2015); *see Bramson v. Winn*, 136 F. App'x 380, 381 (1st Cir. 2005) (explaining that when a district court orders payments due immediately, it does not improperly delegate the setting of payment

---

[2]   If there is any balance remaining when Richards is released from incarceration, it "shall be paid in monthly installments" in an amount to be determined by his supervising officer during his period of supervised release. J. at 8.

schedules to the BOP and BOP "merely us[es] the IFRP to collect [the defendant]'s court-ordered payments"). A challenge to the way the BOP is running the IFRP should not be brought to me as the sentencing judge. Instead, Richards must first exhaust his administrative remedies through the BOP, "and, if not satisfied, any court challenge 'must be brought as a habeas petition pursuant to 28 U.S.C. § 2241 in the district in which the defendant is incarcerated.'" *Reeves*, 2015 WL 475266, at *5 (quoting *Fenton*, 577 F. Supp. 2d at 459).

For the foregoing reasons, Richards' motion to stay his quarterly restitution payments (ECF No. 28) is **DENIED**.

SO ORDERED.

/s/ Nancy Torresen
United States District Judge

Dated this 3rd day of July, 2024.